HENRY BURNETT *vs.* LEONARD SMALL & another.

The consent of the judgment creditor that the examination of the judgment debtor, upon his application to be admitted to take the poor debtors' oath, after he has been taken on execution and given bond for the liberty of the jail limits, may be adjourned to a time after the expiration of ninety days from the date of the bond, is no waiver of the condition of the bond requiring the surrender of the debtor to the jailer at the expiration of the ninety days; and if he fails so to surrender himself, the creditor is entitled, under the Rev. Sts. *c.* 97, § 68, to recover, in an action on the bond, the whole amount of the original judgment with interest.

ACTION OF CONTRACT on a bond for the liberty of the prison limits, dated November 9th 1854, executed by David Briggs as principal, and Leonard Small as surety, with the usual condition that Briggs (who had been committed to jail on an execution in which plaintiff was the judgment creditor) should surrender himself to the jailer at the expiration of ninety days from its date, to be held in close confinement, if not sooner discharged by payment of the execution or by order of law.

At the trial in the court of common pleas, the defendants admitted that Briggs did not surrender himself at the expiration of the ninety days, and had not been previously discharged by

payment of the execution or by order of law; and it appeared that an examination of the debtor, upon his application to be admitted to take the poor debtor's oath, was duly commenced before a justice of the police court on the 5th of January 1855 and was from time to time adjourned, at the request of the debtor and with the assent of the plaintiff, to the 9th of February 1855, when the debtor was admitted to take the oath.

The defendants contended that the plaintiff's assent to these adjournments was a waiver of the condition of the bond requiring the debtor to surrender himself to the jailer at the expiration of ninety days, and justified a noncompliance with that condition.

They also contended that the debtor had made no escape, but had remained a true prisoner until discharged, and that the plaintiff was entitled to nominal damages only.

But *Mellen*, C. J. overruled both points, and instructed the jury that the rule of damages in this action was prescribed by the Rev. Sts. *c.* 97, § 68; and directed them to return a verdict for the amount of the original judgment with interest, which they did, and the defendants alleged exceptions.

*S. D. Parker*, for the defendants.

*S. B. Hahn*, for the plaintiff.

METCALF, J. The court are of opinion that the rulings at the trial were right. It was a condition of the bond in suit, that Briggs, the principal obligor, if not legally discharged within ninety days from the day of his commitment, should surrender himself to the jailer, to be held in close confinement. This condition was not performed by him. He remained on the prison limits two days after the ninety days had expired, instead of surrendering himself to close confinement. For this breach of the condition, the Rev. Sts. *c.* 97, § 68, provide that in an action on the bond, execution shall issue for a sum not less than the sum due on the original judgment, with interest thereon, and with all the lawful costs and charges that shall have arisen after the issuing of the original execution.

The case of *Moore* v. *Bond*, 18 Maine, 142, cited for the defendants, decides merely that an obligee, in a bond like this,

shall not take advantage of any indulgence which he has consented to give to his debtor. In the present case, the plaintiff gave indulgence to Briggs, as to the time of his examination and taking the poor debtor's oath; but he did not consent that Briggs might omit to surrender himself to the jailer at the expiration of ninety days. *Exceptions overruled.*